### (July 8, 1976)

■ In the Matter of RICHARD M. NIXON, an Attorney.—The above-named attorney, formerly the President of the United States, who was admitted to the practice of law in the State of New York on December 5, 1963 at a term of the Appellate Division of the Supreme Court, First Judicial Department, has submitted his resignation from the Bar of this State after the filing of a complaint with the Joint Bar Association Grievance Committee for the Ninth Judicial District (the Committee) by its Chief Counsel. In that complaint Mr. Nixon is charged with professional misconduct as a consequence of his refusal to co-operate with the Committee in its investigation of the conduct of an attorney who was allegedly involved with other individuals in certain monetary transactions which came to light during the "Watergate" inquiry. Specifically, Mr. Nixon declined to furnish certain affidavits requested of him indicating whether he would answer any written interrogatory concerning the attorney under investigation and certain other named individuals, and, if not, indicating his grounds for refusal to answer. In an affidavit, sworn to on January 23, 1976, submitted to the Committee and filed by it with this court on January 26, 1976 pursuant to section 691.9 of our rules (22 NYCRR 691.9), Mr. Nixon tendered his resignation, stating therein, *inter alia,* that: (a) he had been made aware of the complaint by the Committee's Chief Counsel; (b) he was informed that he is the subject of an investigation based upon that complaint; and (c) he acknowledged that if a disciplinary proceeding were commenced against him upon the charge of the Committee's Chief Counsel, he could not successfully defend himself on the merits. He concluded by requesting that this court accept his resignation and enter an order striking his name from the roll of attorneys and counselors at law in the State of New York as of the date of such affidavit. Accordingly, the affidavit contained the required prerequisites for consideration of Mr. Nixon's resignation by this court which, pursuant to our rules, permitted the entry of an order either disbarring him or striking his name from the roll of attorneys. However, on February 4, 1976, when the matter of Mr. Nixon's resignation came up for consideration by this court, it was learned that (a) since 1974, Mr. Nixon had been the subject of an investigation into allegations of misconduct by the Committee on Grievances of the Association of the Bar of the City of New York, the Departmental Disciplinary Committee for the First Judicial Department and (b) a petition, dated January 15, 1976, containing charges of professional misconduct, and a notice of petition, dated January 16, 1976, had been prepared and mailed to Mr. Nixon's attorney during the week of January 19, 1976. Predicated thereon, this court, in keeping with established principles of comity, deferred action on Mr. Nixon's attempted resignation pending the conclusion of the proceedings stemming from the foregoing investigation and action by the Departmental Disciplinary Committee for the First Judicial Department. In a *Per Curiam* opinion the Appellate Division of the Supreme Court for the First Judicial Department sustained charges of misconduct preferred against Mr. Nixon as a respondent in a disciplinary proceeding instituted by said court,

and directed that he be disbarred. An order disbarring the respondent was entered in said court on this date. Accordingly, consideration of Mr. Nixon's offer to resign filed with this court, is rendered academic. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.